## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| In re: CHARLES LORNE, | Case No. | 6:15-mc-19-Orl-37 |
| | Bankr. Case. No. | 6:12-bk-14689-CCJ |
| Debtor, | Adv. Proc. No. | 6:14-ap-151-CCJ |

CARLA P. MUSSELMAN,

      Plaintiff/Trustee,

v.

HERE FISHY FISHY PROPERTIES I, LLC;
HERE FISHY FISHY PROPERTIES II, LLC;
HERE FISHY FISHY PROPERTIES III, LLC;
and SHERLYN LORNE,

      Defendants,

JPMORGAN CHASE BANK, N.A.,

      Interested Party

---

## ORDER

This cause is before the Court on the Motion by Defendants to Withdraw Reference (Doc. 1), filed February 24, 2015. Upon consideration, the Court finds that the motion is due to be denied without prejudice.

Pursuant to 28 U.S.C. § 157(d), Bankruptcy Rule 5011, and Local Bankruptcy Rule 5011-1, Defendants move to withdraw reference of the underlying adversary proceeding, in which the Trustee of Debtor Charles Lorne's Chapter 7 bankruptcy estate seeks to avoid several allegedly fraudulent transfers to Defendants.[1] (*See* Doc. 1-1, p. 2.)

---

[1] The Trustee recently amended her complaint, arguably mooting Defendants' motion for withdrawal of reference, *see In re: Lorne*, No. 6:14-ap-151-CCJ, Doc. 31; however, because the claims in the amended pleading are substantially similar to those in its predecessor and Defendants have not retracted their concerns about proceeding in

In support, Defendants argue that they have not consented to a jury trial by the bankruptcy court, nor have they filed a proof of claim in the Debtor's Chapter 7 proceedings, and thus they have a Seventh Amendment right to have the Trustee's fraudulent-transfer claims tried before a jury in an Article III court. (*See id.* at 2–3 (citing *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 36 (1989) (holding that the Seventh Amendment entitles "a person who has not submitted a claim against a bankruptcy estate [to] a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer")).)

Under 28 U.S.C. § 157(d), if "a bankruptcy court has assumed jurisdiction" of an adversary proceeding, "a district court may withdraw reference only for cause shown." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). The statute does not define "cause shown," but the U.S. Court of Appeals for the Eleventh Circuit has "found that it is not an empty requirement." *In re Simmons*, 200 F.3d 738, 741 (11th Cir. 2000). District courts weighing whether cause exists "should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *Id.* at 742 (citation and internal quotation marks omitted). "The moving party bears the burden of demonstrating cause for withdrawal of the reference." *In re Advanced Telecomm. Network, Inc.*, No. 6:13-cv-700-Orl-28, 2014 WL 2528844, at *1 (M.D. Fla. June 4, 2014).

Here, the Court declines to withdraw the bankruptcy reference at this time. In short, Defendants' motion is premature; the Eleventh Circuit's pragmatic "cause" considerations

---

the bankruptcy court, the Court will address the substance of Defendants' motion for withdrawal (Doc. 1).

favor permitting the bankruptcy court to retain jurisdiction over the adversary proceeding unless and until it proceeds to trial. While the Seventh Amendment right to an Article III jury trial "can constitute cause for withdrawal of reference," all "pretrial matters may still appropriately be handled in the bankruptcy court." *Id.*; *see also In re Gunnallen Fin., Inc.*, No. 8:10-cv-2855-T-24, 2011 WL 398054, at *4 (M.D. Fla. Feb. 3, 2011) ("[E]ven if withdrawal is appropriate, a district court can allow the bankruptcy court to retain jurisdiction to address all pretrial matters, from discovery through dispositive motions."). Indeed, "allowing the bankruptcy court to resolve pretrial issues and enter findings of facts and recommendations of law on dispositive issues is consistent with Congress' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible." *In re Fundamental Long Term Care, Inc.*, No. 8:14-cv-1800-EAK, 2014 WL 4452711, at *3 (M.D. Fla. Sept. 9, 2014) (citation and internal quotation marks omitted).

Accordingly, consistent with the procedure routinely utilized in the Middle District of Florida and elsewhere, it is hereby **ORDERED AND ADJUDGED** that the Motion by Defendants to Withdraw Reference (Doc. 1) is **DENIED WITHOUT PREJUDICE**. If the adversary proceeding, 6:14-ap-151-CCJ, proceeds through dispositive motions, Defendants may refile a motion for withdrawal of reference at that time.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 24, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Judge Cynthia C. Jackson,
U.S. Bankruptcy Court for the Middle District of Florida